UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NOS. CCH26329-2017 AND CCH26329-2018 | § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. 3:18-cv-00271 |
| DIMITRIOS PAGOURTZIS, ANTONIOS PAGOURTZIS AND ROSE MARIE KOSMETATOS a/k/a ROSE M PAGOURTZIS | § § § § § § | |
| *Defendants.* | § § | |

**PLAINTIFFS' ORIGINAL COMPLAINT AND**
**REQUEST FOR DECLARATORY JUDGMENT**

Plaintiffs Certain Underwriters at Lloyd's, London ("Underwriters"), pursuant to 28 U.S.C. §§ 2201, 2202 and Federal Rule of Civil Procedure 57, file this Original Complaint and Request for Declaratory Judgment against Defendants Dimitrios Pagourtzis, Antonios Pagourtzis and Rose Marie Kosmetatos a/k/a Rose M Pagourtzis. Plaintiffs seek a declaratory judgment that various policy provisions in Policy Nos. CCH26329-2017 and CCH26329-2018 exclude coverage for both defense and indemnity related to claims made against Defendants that arise out a school shooting at Santa Fe High School on May 18, 2018, in which Dimitrios Pagourtzis fatally shot ten people and wounded thirteen others. Multiple lawsuits have been filed against Dimitrios Pagourtzis and/or Antonios Pagourtzis and Rose Marie Kosmetatos a/k/a Rose M Pagourtzis for which Plaintiffs contend no coverage is afforded, and said lawsuits are styled: (1) Cause No. CV-0081158; *Rosie Yanas and Christopher Stone, Individually and as Next Friends*

of *Christopher Jake Stone et. al.¹ v. Antonios Pagourtzis and Rose Marie Kosmetatos*; In County Court at Law No. 3 of Galveston County, Texas; and (2) Cause No. PR-0078972-A; *William Recie Tisdale, Sr., Individually and as Statutory Beneficiary of Cynthia Tisdale, Deceased, and on Behalf of All Persons Entitled to Recover for Her Death Under the Texas Wrongful Death Act, and William R. Tisdale, Jr. v. Dimitrios Pagourtzis, Antonios Pagourtzis and Rose Marie Kosmetatos*; In the Probate Court of Galveston County, Texas (collectively referred to as the "Underlying Lawsuits"). Defendant Dimitrios Pagourtzis was arrested on May 18, 2018, and has been charged with Capital Murder of Multiple Persons and Aggravated Assault Against a Public Servant.

## I.   PARTIES

1. Plaintiffs are Certain Underwriters at Lloyd's, London Subscribing to Policy Nos. CCH26329-2017 and CCH26329-2018. Plaintiffs are underwriting syndicates incorporated and domiciled in the United Kingdom, with their principal place of business in London, England, United Kingdom.

2. Defendant Dimitrios Pagourtzis is an individual who is a resident of Alvin, Texas. Dimitrios Pagourtzis may be served at the Galveston County Jail where he currently presides, 5700 Ball St., Galveston, Texas 77551 or wherever he can be found.

3. Defendant Antonios Pagourtzis is an individual who is a resident of Alvin, Texas. Antonio Pagourtzis may be served at his place of residence, 1130 CR 136A, Alvin, Galveston County, Texas 77511 or wherever he may be found.

---

[1] Mark McLeod and Gail McLeod, Individually and as Next Friends of Aaron Kyle McLeod, Pamela Stanich, Individually and as Next Friend of Jared Conard Black and Shannan Claussen, Individually and as Next Friend of Christian Riley Garcia have intervened in Cause No. CV-0081158. Underwriters' request for declaratory judgment extends to these claims as well any future intervening claims in any of the Underlying Lawsuits.

4.      Defendant Rose Marie Kosmetatos a/k/a Rose M Pagourtzis is an individual who is a resident of Alvin, Texas. Rose Marie Kosmetatos a/k/a Rose M Pagourtzis may be served at her place of residence, 1130 CR 136A, Alvin, Galveston County, Texas 77511 or wherever she may be found.

## II.     JURISDICTION AND VENUE

4.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and this is an action between citizens of different states. Thus, diversity jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1).

5.      Venue is proper in the Galveston Division of the Southern District of Texas pursuant to 28 U.S.C. §1391(b)(1) because Defendants reside in this judicial district.

## III.    FACTUAL BACKGROUND

A.      **The Underlying Lawsuits**

   i.      *Cause No. CV-0081158*

6.      On May 24, 2018, Rosie Yanas and Christopher Stone, Individually and as Next Friends of Christopher Jake Stone filed a lawsuit against Antonios Pagourtzis and Rose Marie Kosmetatos for claims arising out of a May 18, 2018 school shooting at Santa Fe High School by Antonios Pagourtzis and Rose Marie Kosmetatos' son, Dimitrios Pagourtzis (identified as "Murderer" in the pleadings).  Mark McLeod and Gail McLeod, Individually and as Next Friends of Aaron Kyle McLeod filed their Petition in Intervention in the same suit on May 30, 2018, and Pamela Stanich, Individually and as Next Friend of Jared Conard Black and Shannan Claussen, Individually and as Next Friend of Christian Riley Garcia filed their Petition in Intervention on June 6, 2018.

7. Plaintiffs and Intervenors allege that on May 18, 2018, Dimitrios Pagourtzis, utilizing two of his parents' weapons, a .38 caliber handgun and a sawed-off shotgun, went to Santa Fe High School and coldly and calculatingly shot and brutally murdered Christopher Jake Stone, Aaron Kyle McLeod, Jared Conard Black, Christian Riley Garcia and others. Plaintiffs and Intervenors allege the above-identified weapons were made available to Dimitrios Pagourtzis through his parents' negligence and gross negligence, and assert that Antonios Pagourtzis and Rose Marie Kosmetatos were negligent in the following ways:

- Failing to properly secure their weapons;
- Permitting Murderer Dimitrios Pagourtzis to have access to their weapons and ammunition;
- Failing to obtain mental health counseling and services for Murderer Dimitrios Pagourtzis;
- Failing to properly warn the public of Murderer Dimitrios Pagourtzis' dangerous propensities; and
- Negligently entrusting their weapons to Murderer Dimitrios Pagourtzis.

8. Plaintiffs and Intervenors further allege that Antonios Pagourtzis and Rose Marie Kosmetatos were grossly negligent in permitting their "Murderer son to have access to their weapons."

   ii.   *Cause No. PR-0078972-A*

9. On August 15, 2018, William Recie Tisdale, Sr., Individually and as Statutory Beneficiary of Cynthia Tisdale, Deceased, and on Behalf of All Persons Entitled to Recover for Her Death Under the Texas Wrongful Death Act, and William R. Tisdale, Jr. filed a lawsuit against Dimitrios Pagourtzis, Antonios Pagourtzis and Rose Marie Kosmetatos for claims arising out of a May 18, 2018 school shooting at Santa Fe High School by Antonios Pagourtzis and Rose Marie Kosmetatos' son, Dimitrios Pagourtzis. Plaintiffs allege that on or about May 18, 2018, Dimitrios Pagourtzis discharged, shot and fired multiple weapons at Santa Fe High School resulting in the death of Cynthia Tisdale.

10. Plaintiffs allege that Antonios Pagourtzis and Rose Marie Kosmetatos were responsible for the access to and/or denial of the ammunition and/or weapons which Dimitrios Pagourtzis had and used on the day of the massacre. Plaintiff William Recie Tisdale, Sr. is alleged to be the husband of decedent Cynthia Tisdale while Plaintiff William R. Tisdale, Jr. is alleged to be the son of Cynthia Tisdale who was working as a police officer and responded to the notification of an active shooter at Santa Fe High School, discovering that his mother was a victim.

11. Plaintiffs allege the negligence of Dimitrios Pagourtzis, Antonios Pagourtzis and Rose Marie Kosmetatos, jointly, severally, singularly and/or together include:

- Negligent use of firearms;
- Negligent use of ammunition;
- Failure to properly secure weapons and/or ammunition;
- Failure to provide notice and/or warning;
- Negligent entrustment of weapons and/or ammunition to Defendant Dimitrios Pagourtzis;
- Allowing access to and/or possession of weapons and/or ammunition by Defendant Dimitrios Pagourtzis;
- Failure to provide notice or warning;
- Failure to pay proper attention;
- Failure to supervise;
- Failure to instruct;
- Failure to train; and
- Failure to warn of Dimitrios Pagourtzis dangerous propensities, among other things.

12. Plaintiffs further allege that the actions and/or omissions of Defendant Dimitrios Pagourtzis violated the administrative and/or penal codes of the State of Texas and constitute negligence "as a matter of law." Finally, Plaintiffs assert that the doctrine of *res ipsa loquitur* applies, Plaintiff William R. Tisdale, Jr. asserts a bystander claim, and Plaintiffs allege the conduct of all defendants constitutes gross negligence.

**B.     The Policies**

13.     Underwriters issued a Texas Homeowners Policy - Form B to Anthony Pagourtzis and Rose M Pagourtzis for the policy period of May 17, 2017 to May 17, 2018 (Policy No. CCH26329-2017) and for the policy period of May 17, 2018 to May 17, 2019 (Policy No. CCH26329-2018) (both policies are collectively referred to as the "Policies" unless expressly indicated otherwise.

14.     The Policies contain a $300,000 per occurrence Limit of Liability for claims falling within Coverage C. Personal Liability, and Coverage C. Personal Liability—the only Coverage Part under which coverage could be sought—contains the following insuring grant:

### SECTION II – LIABILITY COVERAGE

**COVERAGE C (Personal Liability)**
If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies, we will:

1. pay up to our limit of liability for the damages for which the **insured** is legally liable. Damages include prejudgment interest awarded against the **insured**; and

2. provide a defense at our expense by counsel of our choice even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate.

15.     The Policies contain the following definitions:

1.     **"Bodily injury"** means bodily harm, sickness or disease. This includes required care, loss of services and death that results.
. . .
4.     **"Insured"** means you and residents of your household who are:
   a.     your relatives; or
   b.     other persons under the age of 21 and in the care of any person named above. . .
. . .

6. **"Occurrence"** means an accident, including exposure to conditions, which results in **bodily injury** or **property damage** during the policy period.

16. The Policies contain the following exclusion that precludes coverage:

1. **Coverage C (Personal Liability) and Coverage D (Medical Payments to Others)** do not apply to:

   a. **bodily injury** or **property damage** which is caused intentionally by or at the direction of the **insured**;[2]

17. There are certain conditions that apply to the coverage afforded under the Policies:

### SECTION II – CONDITIONS

1. **Limit of Liability**. The limit of liability for Coverage C (Personal Liability) shown on the declarations page is our total liability under Coverage C (Personal Liability) for all damages resulting from any one **occurrence**. This limit is the same regardless of the number of **insureds**, claims made or persons injured. . .

   * * *

### SECTION I AND II - CONDITIONS

1. **Policy Period.** This policy applies only to loss in Section I or **bodily injury** or **property damage** in Section II which occurs during the policy period stated on the declarations page.

18. Finally, the Policies, through endorsements, contain multiple exclusions that preclude coverage:

### WAR AND TERRORISM EXCLUSION ENDORSEMENT

Notwithstanding any provision to the contrary within this insurance or any endorsement thereto, it is agreed that this insurance excludes loss damage, cost or expense of whatsoever nature directly or indirectly causes by, resulting from or in connection with any of the following, regardless of any other cause or event contributing concurrenty [sic] or in any other sequence to the loss;

---

[2] Hereinafter referred to as the "Intentional Injury" exclusion.

(1) war, invasion, acts of foreign enemies, hostilities or warlike operations (whether war be declared or not), civil war, rebellion, revolution, insurrection, civil commotion assuming the proportions of or amounting to an uprising, military or usurped power; or

(2) any act of terrorism.
For the purpose of this endosement [sic], an act of terrorism means an act, including but not limited to the use of force or violence and/or the threat thereof of any person or groups(s) or persons, whether acting alone or on behalf of or in connection with any organisation(s) or government(s), committed for political, religious, ideological or similar purposes including the intention to influence any government and/or to put the public, or any section of the public, in fear.

This endorsement also excludes loss, damage, cost or expense of whatsoever nature directly or indirectly caused by, or resulting from or in connection with any action in controlling, preventing, suppressing or in any way relating to (1) and/or (2) above.

If the Underwriters allege that by reason of this exclusion, any loss, damage, cost or expense is not covered by this insurance the burden of providing the contrary shall be upon the Assured.

In the event any portion of this endorsement is found to be invalid or unenforceable, the remainder shall remain in full force and effect.

\* \* \*

**ASSAULT AND BATTERY ENDORSEMENT**
It is agreed that **no coverage** shall apply under this policy for any claim, demand or suit arising out of Assault and Battery, and Assault and Battery shall be deemed an accident, whether or not committed by or at the direction of the Insured.

**EXCLUSION-PUNITIVE OR EXEMPLARY DAMAGE (EXCESS LIABILITY)**
It is agreed that this policy **does not** apply to a claim of or indemnification for punitive or exemplary damages. The Company shall not have an obligation to pay for any costs, interest, or damages attributable to punitive or exemplary damages. Provisions of this endorsement do not apply in any State where such endorsement is expressly prohibited by state law or insurance department regulation.

## IV.   CAUSES OF ACTION

**DECLARATORY RELIEF**

19. Underwriters incorporate the above paragraphs as though fully set forth herein.

20. Underwriters seeks declaratory relief from this Court pursuant to 28 USC §2201 and FRCP 57. A dispute has arisen as to whether coverage is afforded to Defendants Dimitrios Pagourtzis, Antonios Pagourtzis and Rose Marie Kosmetatos a/k/a Rose M Pagourtzis under the Policies for the claims asserted in the Underlying Lawsuits. Under the terms of the Policies, however, there is no coverage for the Underlying Lawsuit.

21. Specifically, there is no coverage under Policy No. CCH26329-2017 because said policy only applies to bodily injury that occurs during the policy period. The bodily injury complained of in the Underlying Lawsuits is alleged to have occurred on May 18, 2018, which is outside the policy period of Policy No. CCH26329-2017. In addition, even were the bodily injury complained of in the Underlying Lawsuits alleged to have occurred within the policy period of Policy No. CCH26329-2017, no coverage is afforded under said policy because coverage is precluded by the Intentional Injury exclusion (bodily injury was caused intentionally by Dimitrios Pagourtzis an insured under the Policy), the War and Terrorism Endorsement (Dimitrios Pagourtzis used force or violence with the intention to put the public, or any section of the public, in fear), the Assault and Battery Endorsement (the Underlying Lawsuits arise out of assault and battery) and the Exclusion – Punitive or Exemplary Damage (Excess Liability).

22. In addition, there is no coverage under Policy No. CCH26329-2018 because coverage is precluded by the Intentional Injury exclusion (bodily injury was caused intentionally by Dimitrios Pagourtzis an insured under the Policy), the War and Terrorism Endorsement (Dimitrios Pagourtzis used force or violence with the intention to put the public, or any section

of the public, in fear), the Assault and Battery Endorsement (the Underlying Lawsuits arise out of assault and battery) and the Exclusion – Punitive or Exemplary Damage (Excess Liability)..

23.     Accordingly, Underwriters requests this Court to enter the following declaration: Underwriters has no duty to defend or indemnify Defendants Dimitrios Pagourtzis, Antonios Pagourtzis and Rose Marie Kosmetatos a/k/a Rose M Pagourtzis against the claims asserted in the Underlying Lawsuits under the Policies.

24.     In the alternative, and to the extent the Court does not enter a declaration that Underwriters has no duty to defend or indemnify Dimitrios Pagourtzis, Antonios Pagourtzis and Rose Marie Kosmetatos a/k/a Rose M Pagourtzis against the claims asserted in the Underlying Lawsuits under the Policies, Underwriters seek a declaration that there is only one occurrence giving rise to the claims asserted in the Underlying Lawsuits.

## V.    CONDITIONS PRECEDENT

25.     All conditions precedent to Underwriters obtaining declaratory relief have been performed or have occurred.

## VI.    PRAYER FOR RELIEF

FOR THESE REASONS, Underwriters request that Defendants be cited to appear and answer, and that upon final trial, Underwriters have the following:

A.  A declaration that Underwriters has no duty to defend or indemnify Defendants Dimitrios Pagourtzis, Antonios Pagourtzis and Rose Marie Kosmetatos a/k/a Rose M Pagourtzis against the claims asserted in the Underlying Lawsuits under the Policies;

B.  In the alternative, a declaration that there is only one occurrence giving rise to the claims asserted in the Underlying Lawsuits;

C.  Costs of suit; and

D.  Such other and further relief to which Underwriters may be justly entitled.

        Respectfully submitted,

        HOLMAN FENWICK WILLAN USA LLP

        By:    */s/ Gerard J. Kimmitt*
              **Gerard J. Kimmitt, II** (attorney in charge)
              TBN: 11427500
              jerry.kimmitt@hfw.com
              **Kristie W. Tobin**
              TBN: 24033338
              kristie.tobin@hfw.com
              **Cade W. White**
              TBN: 24051516
              cade.white@hfw.com
              5151 San Felipe, Suite 400
              Houston, Texas  77056
              (713) 917-0888  Telephone
              (713) 953-9470  Telefax

            **ATTORNEYS FOR PLAINTIFFS**

344824.1