UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NOS. CCH26329-2017 AND CCH26329-2018 § § § § § § § § § | | |
| Plaintiffs, § | | |
| § § § | | |
| VS. § | CIVIL ACTION NO. 3:18-CV-00271 | |
| § | | |
| DIMITRIOS PAGOURTZIS, ANTONIOS PAGOURTZIS AND ROSE MARIE KOSMETATOS a/k/a ROSE M PAGOURTZIS § § § § § § | | |
| Defendants. § | | |

**INTERVENTION IN OPPOSITION TO
PLAINTIFFS' CLAIMS FOR DECLARATORY RELIEF**

TO THE HONORABLE JUDGE HANKS:

COME NOW Intervenors William Recie Tisdale, Sr., Individually and as Statutory Beneficiary of Cynthia Tisdale, deceased, and on behalf of all persons entitled to recover for her death under the Wrongful Death Act, and William R. Tisdale, Jr., by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 24(a)(2) and/or 24(b)(1)(B), and 24(c), and subject to leave of this Court, file this Intervention in Opposition to Plaintiffs' Claims for Declaratory Relief; asserting in contest to and in opposition thereto as follows:

1

# I.
# JURISDICTION AND VENUE

1. "It has long been the rule within the Fifth Circuit that for permissive intervention, the intervenor must establish independent grounds for jurisdiction. *Hunt Tool Co. v. Moore*, 212 F.2d 685, 688 (5th Cir. 1954)." *Clanton v. Orleans Parish School Bd.,* 72 F.R.D. 164, 169-70 (E.D. La. 1976). Pursuant thereto, Intervenors do not contest Plaintiffs' averments that the amount in controversy exceeds $75,0000.00, exclusive of interest and costs, and this is an action between citizens of different states; thus diversity jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1).

2. Intervenors likewise do not contest that venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(1), because all Defendants reside in this judicial district and division.

# II.
# PARTIES

3. All Intervenors, as well as all minors for whom they appear, are residents of Galveston County, Texas which is located within this District and Division.

4. All Defendants are residents of Galveston County, Texas which is located within this District and Division. They have heretofore been served with process and have appeared herein by and through their counsel of record.

5. Plaintiffs are incorporated and domiciled in the United Kingdom, have their principal place(s) of business in London, England, United Kingdom, and have appeared herein by and through their counsel of record.

# III.
# FACTUAL BACKGROUND

6. Intervenors do not contest the facts stated in Plaintiffs' First Amended Original Complaint and Request for Declaratory Relief, at pgs. 1-2, and at ¶¶ 10-13. However, there are a great many relevant facts yet to be discovered which are not included in such brief factual summaries and which are highly material to whether the policies at issue applied thereto or not.

7. Intervenors are not parties to the suit described in Plaintiffs' First Amended Original Complaint, at ¶¶ 7-9; 14-17. Therefore, Intervenors can neither admit nor deny the accuracy of what is there stated. However, assuming arguendo the accuracy of what is there stated, the liability allegations in that suit are based upon negligence, not acts of war or terrorism, intentional acts, or criminal acts.

8. Intervenors can neither admit nor deny the accuracy of the policies and/or the terms, limitations or exclusions purportedly therein set out which Plaintiffs' claims are based upon, (First Amended Original Complaint, at ¶¶ 18-23), as Intervenors currently do not have a copy of same.

9. Intervenors can neither admit nor deny the accuracy of the accuracy of facts stated in Plaintiffs' First Amended Original Complaint, at ¶¶ 25-31, as Intervenors have no personal knowledge of any of such, nor can they obtain such knowledge or information in the absence of discovery.

# IV.
# CONTEST OF PLAINTIFFS' PURSUIT OF DECLARATORY RELIEF

10. Pursuant to Fed. R. Civ. P. 24(c), (intervention must be "accompanied by a pleading that sets out the… ***defense for which intervention is sought***. (Emphasis added)."), Intervenors may properly contest the declaratory relief sought by Plaintiffs herein because it has been held that: "In Texas the rule is well supported that… the intervenor may set up a claim to the subject matter at issue which differs to that of the plaintiff, or, defendant… [and] an intervenor may join with either party and resist the claim of the other, or, may oppose both. (Citations omitted)." *Hartwell v. Texas Consol. Oils,* 94 F.Supp. 609, 611 (N.D. [Dal. Div.] 1950)(Atwell, C.J.). *See also Kauffman v. Kebert,* 16 F.R.D. 225, 228 (W.D. Penn. 1954), *app. dismissed,* 219 F.2d 113 (3rd Cir. 1955)("Intervenors are required generally to join with either party and resist the claim of the other or they may oppose both. (citing *Hartwell*).")."). Pursuant to such authority, as well as Fed. R. Civ. P. 24(a)(2), or in the alternative 24(b)(1)(B), Intervenors have standing to contest Plaintiffs' claims for declaratory relief.

11. Intervenors deny the allegations set out Plaintiffs' First Amended Original Complaint, at ¶¶ 10-17, and 18-23 and demand Plaintiffs' strict proof thereof by a prenderance of admissible evidence.

12. Intervenors deny the allegations set out Plaintiffs' First Amended Original Complaint, at ¶¶ 25-31, and the Prayer of said Complaint, and demand Plaintiffs' strict proof thereof by a preponderance of admissible evidence.

13. Intervenors deny that Plaintiffs have shown themselves to be entitled to declaratory relief pursuant to 28 U.S.C. §§ 2201, *et seq.,* and Intervenors demand Plaintiffs' strict proof thereof by a preponderance of admissible evidence.

## V.
## JURY DEMAND

14. Pursuant to Fed. R. Civ. P. 57, and 38(a) and (b)(1) and (2), Intervenors respectfully demand trial by jury of all fact issues. *See Oil, Chem. And Atomic Workers Intern. Union Local 4-23 v. Texaco, Inc.,* 88 F.R.D. 86, 90 (E.D. Tex. 1980)("It appears that the dispute is over what inferences or conclusions should be drawn from these virtually uncontested facts. The law in the Fifth Circuit is that 'if reasonable persons can draw conflicting inferences from otherwise undisputed facts, the collective wisdom of the jury ought be relied on.' … Likewise, the Fifth Circuit has consistently ruled that where a contract is found to be ambiguous, determination of its proper meaning is for the jury… (Citations omitted)." *See also Beacon Theaters, Inc. v. Westover,* 359 U.S. 500, 504 (1959)("[T]he Declaratory Judgment Act, 28 U.S.C. ss 2201, 2202, … Fed. Rules Civ. Proc. 57… specifically preserves the right to jury trial for both parties. (Footnote citations omitted).").

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Intervenors pray that that upon final trial and hearing hereof, Plaintiffs be denied declaratory relief and judgment be entered against them in accordance with the law and facts as determined and/or found by this Honorable Court and/or the Jury, and for such other and further relief, legal or equitable, general or special, to which Intervenors may show themselves justly entitled to receive.

Respectfully submitted,

TYLKA LAW CENTER, P.C.

*/s/ Lawrence M. Tylka*
Lawrence M. Tylka
Federal ID #285
State Bar No. 20359800
legal@tylkalawcenter.com
 1104 E. Main St.
League City, Texas 77573
Telephone: (281) 557-1500
Facsimile: (281) 557-1510
ATTORNEYS FOR INTERVENORS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of INTERVENTION IN OPPOSITION TO PLAINTIFFS' CLAIMS FOR DECLARATORY RELIEF was automatically accomplished on all known Filing Users through the Notice of Electronic Filing on January 14, 2019. Service on any party or counsel who is not a Filing User was accomplished via Facsimile, Certified Mail/RRR or U.S. First Class Mail, in accordance with the Federal Rules of Civil Procedure.

    Gerald J. Kimmitt, II
    jerry.kimmitt@hfw.com
    Kristie W. Tobin
    kristie.tobin@hfw.com
    Cade W. White
    cade.white@hfw.com
    Holman Fenwick Willan USA LLP
    5151 San Felipe, Suite 400
    Houston, Texas 77056
    Telephone (713) 917-0888
    Facsimile (713) 953-9470

 */s/ Lawrence M. Tylka*
LAWRENCE M. TYLKA